Frank W. Volk
United States District Judge

**Dated: March 26th, 2020**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| IN RE: | CASE NO. 2:19-bk-20134 |
|---|---|
| COROTOMAN, INC., | CHAPTER 11 |
| Debtor. | JUDGE FRANK W. VOLK |
| COROTOMAN, INC., | ADVERSARY PROCEEDING NO. 2:19-ap-02013 |
| Plaintiff, | |
| v. | |
| CENTRAL WEST VIRGINIA REGIONAL AIRPORT AUTHORITY, INC., | |
| Defendant. | |

## ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Pending is Corotoman, Inc.'s ("Corotoman") Motion for Partial Judgment on the Pleadings, or in the Alternative, Motion to Strike Certain Affirmative Defenses ("Motion for Partial Judgment") [dckt. 14]. The Central West Virginia Regional Airport Authority, Inc ("Airport Authority") filed its Response on December 10, 2019 [dckt. 18], and Corotoman submitted its Reply on December 13, 2019 [dckt. 22]. The matter, having been fully briefed, is ready for adjudication.

Corotoman filed its Chapter 11 Petition on March 29, 2019. Several months later, on September 24, 2019, it filed the above-captioned action against the Airport Authority. The basis of the suit is breach of contract; Corotoman argues that the parties had a valid settlement agreement signed by representatives of both companies, while the Airport Authority asserts that

the settlement agreement is invalid because the signor on the document was acting outside the scope of his employment for the Airport Authority. In its Motion for Partial Judgment, Corotoman asks this Court to hold the alleged settlement agreement valid and the actions of the Airport Authority's agent within his authority. The Airport Authority counters, alleging that Corotoman is improperly attempting to apply judicial estoppel to the matter and that its arguments simply fail to meet the requisite standards. Corotoman pursues relief under Federal Rules of Civil Procedure 12(c) and (f).

Under Rule 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion under Rule 12(c) is governed by the same standards as a Rule 12(b)(6) motion. *Butler v. United States*, 702 F.3d 794, 752 (2012); *Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562-63); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 558. It is now settled that "a

formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "plead facts sufficient to establish a prima facie case . . . to survive a motion to dismiss, but . . . the more stringent pleading standard established in *Iqbal* and *Twombly* applies." *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017) (citing *Twombly*, 550 U.S. at 569-70). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

The decision in *Iqbal* provides some additional markers concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief. . . .'"
>
> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief."
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678-79 (citations omitted).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "'accept as true all of the factual allegations contained in the complaint . . . .'" *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555); *see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The Court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Lest one lose the forest for the trees, it bears emphasizing that "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of th[e alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Woods*, 855 F.3d at 652 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

This Rule 12(c) matter is slightly different than most; the Motion for Partial Judgment has been filed by the Plaintiff, instead of the Defendant. In these instances, "the fact allegations of the answer are taken to be true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer. Thus, plaintiff may not move for judgment on the pleadings where the answer raises issues of fact which if proved would defeat recovery. *Parker v. DeKalb Chrysler Plymouth,* 459 F.Supp. 184, 187 (N.D. Ga. 1978), *aff'd*, 673 F.2d 1178 (11th Cir. 1982) (citing *Bass v. Hoagland*, 172 F.2d 205 (5th Cir. 1949), *cert. denied*, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949)).

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike "from any pleading any insufficient defense or redundant, immaterial, or scandalous matter." (Emphasis added). "The standard by which courts judge Rule 12(f) motions imposes a sizeable

burden on the movant." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993). Further, a motion to strike is a drastic remedy that is generally disfavored by courts and rarely granted "because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir.2001) (internal citations and quotations omitted).

In light of the standards recited above, this Court is of the opinion that the movant has not made the requisite showing. Furthermore, the Airport Authority has raised issues of fact which may eventually prevent recovery; it alleges that its purported agent did not have the requisite authority to enter into the settlement agreement which underlies this entire controversy. Accordingly,

**IT IS ORDERED** that Corotoman's Motion for Partial Judgment be, and is hereby, **DENIED.**